Nancy Steffen Rahmeyer, J.—
Concurring in Part and Dissenting in Part Opinion Author
I must respectfully dissent. I acknowledge that existing case law does not specifically resolve the question before us, but I am convinced that allowing the mayor pro tem to vote both as the mayor and the board member was a misapplication of the law. I agree that the mayor pro tem could vote as a member of the board of alderman to fire Clark. If he did so, then the portion of section 79.240 that would be applicable would be the second half of subsection 1. Section 79.240.1 provides, in part:
The mayor may, with the consent of a majority of all the members elected to the board of aldermen, remove from office any appointive officer of the city at will, and any such appointive officer may be so removed by a two-thirds vote of all the members elected to the board of aldermen, independently of the mayor’s approval or recommendation. The board of aldermen may pass ordinances regulating the manner of impeachments and removals.
Only five members voted for the termination of Clark and not the two-thirds vote mandated by section 79.240. The only'way section 79.240 could have been followed was to allow the mayor pro tem to vote as a member of the board of alderman and consider his vote as the mayor pro tem as another vote. I do not think that result is supported by the plain meaning of the statute or by logic. Therefore, I dissent from Point I.